IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

LUCIANO TORCHIA,

    Defendant.

CASE NO. 1:20-CR-00464-MHC-LTW

## FINAL REPORT AND RECOMMENDATION

This case is before the Court on Defendant Luciano Torchia's Motion to Dismiss Based on an Insufficient Indictment and Motion to Dismiss Indictment for Failure to State an Offense. [Docs. 22, 23]. For the reasons outlined below, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Based on an Insufficient Indictment ([Doc. 22]) be **DENIED**. But the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Indictment for Failure to State an Offense ([Doc. 23]) be **GRANTED**.

## I.  BACKGROUND

Defendant is charged with one count of failure to register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). [Doc. 1]. The Indictment contains the following allegations: Defendant is an individual

who is required to register under SORNA, and while in the Northern District of Georgia between March and May 2020 after traveling in interstate commerce, knowingly failed to register and update registration as required under the Act.  [Id.].  Defendant moves to dismiss the indictment as insufficient and as failing to state an offense.  [Docs. 22, 23].

A.     **Motion to Dismiss Based on an Insufficient Indictment**

Defendant first argues the Indictment fails to offer specific facts regarding his obligation to register under SORNA and the dates he entered and left the state of Georgia.  [Doc. 22 at 4–5].  The lack of specificity as to those facts, Defendant argues, renders him unable to rely upon any judgment under the Indictment for double jeopardy purposes.  [Id. at 6].

In response, the Government contends that the Indictment is sufficient because it tracks the language of the failure to register statute and presents the essential elements constituting the charged offense.  [Doc. 29 at 2].  The Government argues the Indictment includes sufficient facts to prove the essential elements of the offense and to protect Defendant from future double jeopardy concerns.  [Id. at 4–6].  Further, the Government asserts that providing facts as to specific instances over a period of three

2

months when Defendant was required to register or update registration is not required under the statute or by any binding precedent.  [Id. at 4].

### B.  Motion to Dismiss for Failure to State an Offense

Defendant also moves to dismiss the Indictment for failing to state an offense. [Doc. 23 at 1].  Defendant contends that the facts in the Indictment, even if true, do not indicate that he is a sex offender under SORNA, and was thus under no obligation to register, because the Indictment does not include any facts to support why he is required to register.  [Id. at 3].  Defendant also contends that the Indictment fails because his prior offense—Criminal Sexual Conduct in the Second Degree in violation of Minnesota Criminal Code § 609.343.1(a)—is not comparable to or more severe than aggravated sexual abuse under 18 U.S.C. § 2241.  [Id.].  In response, the Government argues Defendant's prior offense was under a substantially similar law to the relevant federal statute, and consequently, Defendant is a sex offender with an obligation to register under SORNA.  [Doc. 33].

## II.  LEGAL STANDARD

Rule 7(c) of the Federal Rules of Criminal Procedure states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ."  Fed. R. Crim. P. 7(c).  Defendant may file a

motion alleging a defect in the indictment or information, including a defect accounting to "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).  "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Schmitz, 634 F.3d 1247, 1259 (11th Cir. 2011) (quoting United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009)).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."  United States v. Garrett, 467 F. App'x 864, 867 (11th Cir. 2012) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)); see also United States v. Critzer, 951 F.2d 306, 307-08 (11th Cir. 1992) ("The indictment is sufficient if it charges in the language of the statute."); United States v. Malone, No. 804CR348T24TGW, 2005 WL 1243762, at *3 (M.D. Fla. 2005) (denying a motion to dismiss an indictment because it tracked the language of the statute setting forth the essential elements of the crime).

4

An indictment that tracks the language of the statute must be accompanied by a statement of "facts and circumstances that will inform the accused of the specific offense, coming under the general description, with which he is charged." Russell v. United States, 369 U.S. 749, 765 (1962) (citations omitted). But an indictment does not have to "detail the factual proof that will be relied upon to support the charges." United States v. Sharpe, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) (quoting United States v Crippen, 579 F.2d 340, 342 (5th Cir. 1978)).

In ruling on the present motions, the Court must accept the facts in the indictment as true and may not rely on outside facts. See Sharpe, 438 F.3d at 1257-59; United States v. Plummer, 221 F.3d 1298, 1302 n.3 (11th Cir. 2000) (reversing the dismissal of an indictment because the district court relied on facts not in the indictment). In the context of a motion to dismiss an indictment for failure to state an offense, the Court is limited to "reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." Sharpe at 1263 (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)). A court must read the indictment "as a whole and give it a 'common sense construction.'" United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009) (citation omitted). The Court must ultimately determine whether "the factual allegations in the indictment, when viewed in the light most favorable to the

5

government, [are] sufficient to charge the offense[s] as a matter of law." United States v. deVegter, 198 F.3d 1324, 1327 (11th Cir. 1999) (quoting United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)).

## III.   ANALYSIS

### A.   Sufficiency of the Indictment

Defendant argues the Indictment is insufficient because it only tracks the basic language of the statute without offering specific facts to support the charge, creating unconstitutional vagueness.   [Doc. 22 at 1–2].   Further, Defendant suggests that because the Indictment omits any discussion of 34 U.S.C. § 20913 and does not identify why Defendant is obligated to register, the essential elements of the charge are not provided in the Indictment.   [Doc. 22 at 4].   The undersigned finds the Indictment sufficient because it tracks the language of the failure to register statute and alleges the essential elements of the offense.   See United States v. Parker, No. 1:05-CR-45-ODE, 2006 WL 8443230, at *3 (N.D. Ga. 2006) (denying a motion to dismiss an indictment because the indictment adequately outlined the essential elements of the charge and the sufficiency of the supporting evidence should be decided at trial), report and recommendation adopted, No. 1:05-CR-045, 2007 WL 9734884 (N.D. Ga. 2007).

In relevant part, a violation of 18 U.S.C. § 2250(a) occurs when: (1) the person charged was "required to register under [SORNA]," (2) the person "travel[ed] in interstate or foreign commerce," and (3) the person "knowingly fail[ed] to register or update a registration as required by [SORNA]." 18 U.S.C. § 2250(a). In this case, the Indictment alleges that Defendant was "required to register under [SORNA]," "traveled in interstate commerce," and "knowingly fail[ed] to register [or] update registration as required by [SORNA]." [Doc. 1]. The Indictment is sufficient insofar as it "sets forth the offense in the words of the statute itself." Garrett, 467 F. App'x at 867.

Defendant's real argument is that the indictment fails to contain the necessary "facts and circumstances that will inform [Defendant] of the specific offense, coming under the general description, with which he is charged." See Russell, 369 U.S. at 765. Specifically, Defendant contends that the Indictment fails to notify him of the specific instance or instances between March and May 2020 when he was required to register or update his registration. [Doc. 22 at 4]. Defendant also argues the Indictment is insufficient because it does not outline the reasons behind his obligation to register under SORNA. [Id.]. The undersigned disagrees.

Defendant relies heavily on United States v. Sumner for the proposition that the Indictment's lack of specificity as to when the alleged violation occurred is cause for

dismissal.  89 F. Supp. 3d 1161(N.D. Okla. 2015).  Defendant argues the Indictment's timeframe of March to May 2020 requires him "to guess when or how he was allegedly in violation of SORNA's registration requirements."  [Doc. 22 at 5].  But <u>Sumner</u> is readily distinguishable from the case at bar.  In <u>Sumner</u>, the defendant allegedly "entered and left Indian Country" at some unspecified point during a period of over a year.  89 F. Supp. 3d at 1166.[1]  The entering and leaving of "Indian Country" was "the federal hook that trigger[ed] the SORNA registration requirement," but the indictment failed to contain any "specific allegation as to the time or place" when it allegedly occurred.  <u>Id</u>.  Because of "the unique prevalence of Indian country throughout [the Northern District of Oklahoma]," the defendant was "left to guess where and when within the Northern District of Oklahoma he could have crossed into Indian Country." <u>Id</u>.

Here, by contrast, the timeframe described in the indictment is three months, not more than a year.  [Doc. 1].  While the indictment does not specify the exact date on which Defendant allegedly "traveled in interstate commerce," this case does not

---

[1] In response to Sumner's motion to dismiss the indictment, the government pointed to "at least seven different alleged instances of [Sumner] entering Indian country," but those instances were not mentioned in the indictment and Sumner was only "charged with a single count."  <u>See</u> <u>Sumner</u>, 89 F. Supp. 3d at 1166.

8

present a "unique" situation like <u>Sumner</u> where it was difficult to ascertain where and when the defendant "could have crossed into Indian Country" while traveling within the Northern District of Oklahoma itself. <u>Compare</u> [Doc. 1] <u>with</u> <u>Sumner</u>, 89 F. Supp. 3d at 1166. This is not a case where a defendant's travels could unknowingly trigger a registration requirement under SORNA. State lines are much more clearly defined, and as the Government points out Defendant allegedly traveled over 1,000 miles from Minnesota to Georgia. [Doc. 29 at 5]. It is easily ascertainable when the alleged violation occurred, and the Government has only charged one violation of SORNA, putting the Defendant on notice about the charge he faces. As for Defendant's other argument, the Government correctly notes that it has no obligation to inform Defendant that he was required to register under SORNA. <u>United States v. Griffey</u>, 589 F.3d 1363, 1367 (11th Cir. 2009) (explaining that "knowingly" modifies "fails to register," and does not impute any obligation on the government to inform a defendant of a duty to register before an 18 U.S.C. § 2250(a) prosecution). Section 2250(a) only requires the Government to allege *that* Defendant was "required to register under [SORNA]," not *why* Defendant was required to register under SORNA. <u>See</u> 18 U.S.C. § 2250(a). Because the Government did so, the Indictment is sufficient on this point as well. <u>See</u>

9

[Doc. 1].   Accordingly, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Based on an Insufficient Indictment ([Doc. 22]) be **DENIED**.

### B.      Failure to State an Offense

Defendant also argues his Minnesota conviction does not make him a sex offender required to register under SORNA, and consequently, the Indictment fails to state an offense.  [Doc 23 at 1].  The Court notes that Defendant was a minor at the time of his sexual offense, and SORNA provides a special framework for determining whether minors are required to register.  [Id.].  Defendant's prior state offense must be "comparable to or more severe than aggravated sexual abuse (as described in Section 2241 of Title 18)."  34 U.S.C. § 20911(8).  In determining whether Defendant's state offense is "comparable to or more severe than aggravated sexual abuse," the Court applies the categorical approach.  See United States v. Vineyard, 945 F.3d 1164, 1170 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2700, 206 L. Ed. 2d 840 (2020).

### 1.      Standard for Deciding if the Offenses are "Comparable"

While the parties agree *that* the categorical approach applies, they disagree on *how* it is to be applied.  [Docs. 33, 34].[2]  Relying on a line of cases beginning with

---

[2] Defendant objects to the additional briefing filed regarding this motion. [Doc. 34 at 2].  The undersigned allowed additional briefing because Defendant raised new arguments in his reply brief.  Defendant's initial brief simply says his Minnesota

10

Descamps v. United States, 570 U.S. 254 (2013), Defendant argues the elements of the state offense must be "the same as, or narrower than, those of" the federal offense in question. [Doc. 34 at 4–10] (quoting Descamps, 570 U.S. at 257). But the Government points to persuasive authority holding that the elements of the state offense can be "slightly broader" than the federal offense and still trigger SORNA's registration requirements. [Doc. 33 at 10–12] (quoting United States v. Forster, 549 Fed. App'x 757, 769 (10th Cir. 2013)). The Government has the better of this argument.

The crucial flaw in Defendant's argument is that the Supreme Court cases he relies on deal with the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). See [Doc. 34 at 4].[3] The ACCA lacks any of the flexibility of the SORNA provision at

conviction "is not comparable to or more severe than aggravated sexual abuse" with no explanation. [Doc. 23 at 3]. Defendant did not provide any arguments explaining *why* his Minnesota conviction "is not comparable to or more severe than aggravated sexual abuse." See [id.]. After the Government responded to his assertion, Defendant for the first time argued that the categorical approach applies and made arguments regarding the application of the categorical approach. See [Doc. 31 at 2–7]. The Court gave the Government an opportunity to respond to these never-before-raised arguments, and Defendant has not been prejudiced because he had an opportunity to reply. See [Doc. 34].

[3] Although not mentioned by Defendant, the Supreme Court has also held—in the context of the Immigration and Nationality Act ("INA")—that a prior state conviction qualifies as a predicate offense "only if the least of the acts criminalized by the state statute falls within the generic federal definition of sexual abuse of a minor." Esquivel-Quintana v. Sessions, 137 S. Ct. 1562, 1568, 198 L. Ed. 2d 22 (2017). But

11

issue.  The ACCA requires, for example, that a defendant's previous conviction "*is* burglary, arson, or extortion."  18 U.S.C. § 924(e)(2)(b)(ii) (emphasis added).  Thus, it is readily apparent that a "prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Descamps, 570 U.S. at 257.  But SORNA provides that a state offense triggers the registration requirement if it is "*comparable to* or more severe than aggravated sexual abuse."  34 U.S.C. § 20911(8) (emphasis added).  That is, instead of requiring that the state offense *is* aggravated sexual abuse, SORNA only requires that the state offense be *comparable to* the federal offense of aggravated sexual abuse.  Thus, state offenses may qualify under SORNA even if they apply "to a slightly broader range of conduct than the federal statute."  United States v. Coleman, 681 F. App'x 413, 418 (5th Cir. 2017); see also United States v. Morales, 801 F.3d 1, 7–8 (1st Cir. 2015)(stating that the "comparable to" language may provide the court with "some flexibility in examining the offenses"); United States v. Forster, 549 F. App'x 757, 769 (10th Cir.

---

the INA definition at issue in Esquivel-Quintana does not allow for state offenses to qualify when they are merely "comparable."  See 8 U.S.C. § 1101(a)(43)(A).  As will be discussed below in the context of the ACCA, this lack of flexibility in the INA definition renders Esquivel-Quintana readily distinguishable.

2013) (holding that a state statute was comparable for purposes of SORNA even though the "statute would appear to be slightly broader").

To be sure, the Sixth Circuit held that "<u>Mathis</u>[4] shuts the door on this argument," and rejected <u>Morales</u> and <u>Forster</u> as being "being "decided before <u>Mathis</u>." <u>United States v. Barcus</u>, 892 F.3d 228, 233 (6th Cir. 2018). This Court is not persuaded. First, <u>Mathis</u> dealt with the ACCA, which as discussed above is distinguishable because it does not include the crucial "comparable to" language. Second, <u>Mathis</u> did not create the requirement that a state "statute's elements are the same as, or narrower than, those of the generic [ACCA predicate] offense"; that language is from <u>Descamps</u>. <u>Descamps</u>, 570 U.S. at 257. Both <u>Morales</u> and <u>Forster</u> were decided after <u>Descamps</u>, and thus the Sixth Circuit's decision to dismiss those cases for being "decided before <u>Mathis</u>" is unpersuasive. <u>See</u> <u>Barcus</u>, 892 F.3d at 233. And third, the Sixth Circuit's characterization of the holding in <u>Mathis</u> is, in this Court's opinion, imprecise. In <u>Mathis</u>, the Supreme Court reversed lower court for "applying the modified categorical approach to determine the means by which Mathis committed his prior crimes." 136 S. Ct. at 2253. While the <u>Mathis</u> Court mentioned that courts are to "compare" state and federal offenses when applying the categorical

---

[4] <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016)

13

approach, the <u>Mathis</u> opinion never uses the word "comparable" and does not purport

to explain when statutes are or are not "comparable." <u>See</u> 136 S. Ct. at 2247–57.

The other cases relied on by Defendant are unpersuasive.  The Court in <u>United

States v. Livestock</u> relied on <u>Barcus</u>'s reasoning to support its holding that "an identity

of elements, at the very least, is required for a state statute to be 'comparable.'"  No.

19-CR-182-GKF, 2020 WL 2044728, at *4 (N.D. Okla. Apr. 28, 2020).  Also, in

<u>United States v. Escalante</u>, the Fifth Circuit suggested it was "skeptical that courts

applying the categorical approach have leeway to hold that a broader offense can still

be a predicate when it is deemed only 'slightly broader.'"  933 F.3d 395, 402 n.9 (5th

Cir. 2019).[5]  But the Fifth Circuit's reasoning is based on the fact that the "Supreme

Court has had many opportunities to articulate how lower courts should conduct the

categorical approach," and the Supreme Court has never "suggested that a state offense

which criminalized broader conduct than the corresponding federal crime could

constitute a valid predicate if it was only 'slightly broader.'"  <u>Id</u>.  As discussed above,

the Supreme Court has not yet applied the categorical approach to any statute where

---

[5] The <u>Escalante</u> Court correctly noted that <u>Coleman</u> is not binding.  <u>Escalante</u>, 933 F.3d at 402 n.9.  But the <u>Escalante</u> Court did not address the Fifth Circuit's holding in <u>United States v. Young</u> that two statutes are "comparable" when they "contain comparable elements," even if the state statute includes body parts that are not part of the federal definition.  <u>Young</u>, 872 F.3d 742, 747 (5th Cir. 2017).

14

the state offense merely needs to be "comparable" to a specified federal offense.  See, e.g., Esquivel-Quintana, 137 S. Ct. 1562; Mathis, 136 S. Ct. 2243; Johnson v. United States, 576 U.S. 591 (2015); Descamps, 570 U.S. 254.

The Eleventh Circuit has not explicitly decided this issue, though Vineyard bears further discussion.  In Vineyard, the Eleventh Circuit relied on Descamps for the proposition that a state "conviction cannot qualify as a sex offense under the sexual contact provision of SORNA" if the state's definition of the conduct at issue "sweeps more broadly."  Vineyard, 945 F.3d at 1170–71 (quoting Descamps, 570 U.S. at 261). But the SORNA provision at issue in Vineyard requires that the state offense have "an element involving a sexual act or sexual contact."  945 F.3d at 1170; see also 34 U.S.C. § 20911(5)(A)(i).  The Vineyard Court did not have occasion to address what it means for two statutes to be "comparable" because it was not addressing a portion of SORNA that allows for "comparable" state offenses.  Instead, the Eleventh Circuit held "Tennessee's definition is narrower than the [defendant's preferred federal] definition."  Vineyard, 945 F.3d at 1174.

In the absence of binding authority, the Court looks to the statutory text.  BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183 (2004) (holding that statutory interpretation "begins with the statutory text and ends there as well if the text is

15

unambiguous").  An offense falls within the scope of § 20911(8) if it is "comparable to or more severe than aggravated sexual abuse (as described in section 2241 of Title 18), or was an attempt or conspiracy to commit such an offense."  Because the word "comparable" is not defined in the statute, it must be given its ordinary meaning. United States v. Gilbert, 198 F.3d 1293, 1298 (11th Cir. 1999); see also Consolidated Bank, N.A. v. United States Dep't of Treasury, 118 F.3d 1461, 1464 (11th Cir.1997) ("In the absence of a statutory definition of a term, we look to the common usage of words for their meaning.").

The most apposite dictionary definition of "comparable" is "suitable for comparison" or "similar, like."  Comparable, Merriam-Webster Dictionary (available at https://www.merriam-webster.com/dictionary/comparable) (last accessed May 5, 2021).  "Similar," in turn, means "having characteristics in common" or "alike in substance or essentials."  Similar, Merriam-Webster Dictionary (available at https://www.merriam-webster.com/dictionary/similar) (last accessed May 5, 2021). And the relevant definition of "like" is "the same or nearly the same."  Like, Merriam-Webster Dictionary, Definition of like Entry 3 of 9 (available at https://www.merriam-webster.com/dictionary/like) (last accessed May 5, 2021).  The term "comparable" thus

includes instances where the two things being compared are merely "alike in substance" or "nearly the same."

The question then becomes: What does it mean to be "alike in substance" or "nearly the same"? The word "comparable" clearly does not require a strict identity between the things being compared; in terms of statutes, it allows for one or the other to be slightly broader or slightly narrower. See Coleman, 681 F. App'x at 418. But the term is still quite vague.[6] The undersigned is persuaded by the reasoning of the First Circuit, which decided that "comparable" may "provide [courts] some flexibility in examining the offenses" but that "a congressional judgment that lies at the core" of the federal statute "is so essential to the framework that the congressional cut-off must be strictly construed." Morales, 801 F.3d at 7–8. That is, the "essentials" of the two statutes must be "nearly the same" for the statutes to be similar, like, or comparable. Having decided what standard to apply, the Court now turns to comparing the two offenses at issue.

---

[6] Although not mentioned by Defendant, the rule of lenity does not apply to the SORNA provision at issue because the word "comparable" is *vague*, not *ambiguous*, and certainly not grievously ambiguous. See United States v. Lanier, 520 U.S. 259, 266 (1997) (explaining the difference between "the vagueness doctrine" and "the canon of strict construction of criminal statutes, or rule of lenity"). Defendant has not argued the word "comparable" is unconstitutionally vague. See [Docs. 23, 31, 34].

## 2.     Analysis of whether the Offenses are "Comparable"

The relevant definition of "aggravated sexual abuse" is "knowingly engag[ing]

in a sexual act with another person who has not attained the age of 12 years."  18 U.S.C.

§ 2241(c).  A sexual act, in turn, is defined as:

> (A)    contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
> (B)    contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C)    the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
> (D)    the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2).

Defendant was convicted of violating Minnesota's criminal statute § 609.343

Subd. 1(a).  This offense includes "sexual contact with another person" when "the

complainant is under 13 years of age and the actor is more than 36 months older than

the complainant."  Minn. Stat. Ann. § 609.343 Subd. 1(a).  Minnesota law further

defines "sexual contact" as any of the following acts "committed with sexual or

aggressive intent":

(i)    the intentional touching by the actor of the complainant's intimate parts, or

(ii)   the touching by the complainant of the actor's, the complainant's, or another's intimate parts effected by a person in a current or recent position of authority, or by coercion, or by inducement if the complainant is under 13 years of age or mentally impaired, or

(iii)  the touching by another of the complainant's intimate parts effected by coercion or by a person in a current or recent position of authority, or

(iv)   in any of the cases above, the touching of the clothing covering the immediate area of the intimate parts, or

(v)    the intentional touching with seminal fluid or sperm by the actor of the complainant's body or the clothing covering the complainant's body.

Minn. Stat. Ann. § 609.341 Subd. 11(a).  Minnesota law further defines "intimate parts" as "the primary genital area, groin, inner thigh, buttocks, or breast."  Id. Subd. 5.

The Government concedes that "the Minnesota offense is slightly broader than its federal counterpart."  [Doc. 33 at 12].  But, the Government argues, the "statutes share elements of an offender touching a child-victim's intimate parts, and the differences in the Minnesota law are insufficient to overcome comparability with the federal statute."  [Id.].  Defendant simply rejects the idea "that a state statute can be 'slightly broader' than its federal counterpart and still be 'comparable' under SORNA." [Doc. 34 at 10].  As discussed above, the Court agrees with the Government that a state statute can be slightly broader and still be "comparable."  But the Court concludes that—even under the Government's more expansive definition—the Minnesota statute

19

at issue is not "comparable to" the federal statute in question.

Defendant argues the intent requirement of the Minnesota statute is broader than the federal equivalent. [Doc. 34 at 11–12]. But this argument was persuasively rejected in Coleman. 681 F. App'x at 417–18. Defendant asserts Coleman should be rejected because it "held that the intent elements were comparable because a comparable statute may be 'slightly broader' than the federal statute." [Doc. 34 at 12]. Contrary to Defendant's argument, this was merely an *alternative* holding in Coleman. The Coleman Court held that the term "abuse" used "in 18 U.S.C. § 2246(3) is analogous to the aggressive intent required by the Minnesota statute." 681 F. App'x at 417.[7] The Coleman Court also discussed the defendant's arguments about how the two statutes are applied *in practice*—which is not part of the categorical approach—and held that "*even if* the Minnesota statute has been applied to a slightly broader range of conduct" the statutes were still "comparable." 681 F. App'x at 418 (emphasis added). Defendant cites no authority to support his argument that Minnesota's aggressive-intent requirement is "more broad" than the abusive-intent requirement found in § 2246(2)(C), (D). See [Doc. 34 at 11]; see also [Doc. 31 at 7]. Even if it were, as

---

[7] Coleman dealt with "sexual contact" defined by 18 U.S.C. § 2246(3), but the term "sexual act" also involves conduct done "with an intent to abuse." See 18 U.S.C. § 2246(2)(C), (D).

Coleman held, there is nothing to suggest that Minnesota's intent requirement is so broad as to render the statute incomparable.  681 F. App'x at 417–18.

But Coleman's holding "is limited to the intent element," and crucially the defendant in Coleman was not convicted as a minor.  See 681 F. App'x at 416–17. Defendant argues the Minnesota statute at issue is "far broader than the federal statute" in other respects, and the undersigned agrees that the Minnesota statute is materially different in at least one essential respect.  [Doc. 34 at 7].  The Minnesota definition explicitly includes "touching *of the clothing* covering the immediate area of the intimate parts."  Minn. Stat. Ann. § 609.341 Subd. 11(a)(iv) (emphasis added).[8]  The federal definition of "sexual act," by contrast, explicitly includes only "intentional touching, *not through the clothing*, of the genitalia."  18 U.S.C. § 2246(2)(D) (emphasis added).

The decision to only include touching "not through the clothing" is "a congressional judgment that lies at the core of the" aggravated sexual abuse statute.

---

[8] In applying the categorical approach, the Court must "look only to the fact that the defendant had been convicted of crimes falling within certain categories" and cannot consider the abhorrent facts of the defendant's conduct.  Taylor v. United States, 495 U.S. 575, 600–01 (1990).  And when comparing the state and federal statutes, the Court must compare the outer limits of each statute, even when conducting a more flexible "comparable" analysis.

21

See Morales, 801 F.3d at 7.  Congress fully understood how to criminalize abusive sexual contact "either directly *or through the clothing*" and did so.  See 18 U.S.C. § 2246(3) (emphasis added).  Abusive sexual *contact* is penalized under 18 U.S.C. § 2244.  That statute explicitly cross-references § 2241 and penalizes conduct that is only "sexual contact" if it would have "been a sexual act" under § 2241(c).  18 U.S.C. § 2244(a)(5).  Congress clearly decided that "sexual contact" in violation of § 2244(a)(5) is less severe than a "sexual act" under § 2241(c), because a violation of § 2241(c) carries a minimum sentence of 30 years while a violation of § 2244(a)(5) is punishable by imprisonment "for any term of years."  Compare 18 U.S.C. § 2241(c) with 18 U.S.C. § 2244(a)(5).

If Defendant had been an adult,[9] his conviction would likely have made him a Tier III sex offender under SORNA.  See 34 U.S.C. § 20911(4)(A)(ii); see also Coleman, 681 F. App'x at 416–18.  But because Defendant was "adjudicated delinquent as a juvenile," his offense qualifies "only if" it is "comparable to" a violation of § 2241.  34 U.S.C. § 20911(8).  Furthermore, because Defendant's conviction apparently only included the lesser of the offenses he was charged with, his conviction

---

[9] The Government only argues that Defendant's conviction qualifies under 34 U.S.C. § 20911(8).  See [Docs. 30, 33]; 34 U.S.C. § 20911(8).

is comparable to abusive sexual contact, in violation of § 2244, not aggravated sexual abuse in violation of § 2241, as discussed above.  Congress drew a clear line between the two offenses that "is so essential to the framework that the congressional cut-off must be strictly construed."  See Morales, 801 F.3d at 7–8.

The Government also argues "as long as the Minnesota statute criminalizes conduct comparable to an *attempt* to commit federal aggravated sexual abuse, it would meet the requirements for a proper SORNA predicate."  [Doc. 33 at 8] (emphasis in original).  But this argument misconstrues the language at issue.  SORNA provides that a juvenile's conviction qualifies if it "was comparable to or more severe than aggravated sexual abuse (as described in section 2241 of Title 18), or was an attempt or conspiracy to commit such an offense."  34 U.S.C. 20911(8).  Thus, while the SORNA provision at issue includes convictions for "an attempt or conspiracy," the offense that the individual attempted or conspired to commit must itself be "comparable to or more severe than aggravated sexual abuse."  Id.  Defendant was not convicted of an attempt or conspiracy to commit anything.  He was convicted of actually violating Minn. Stat. Ann. § 609.343 Subd. 1(a).  [Doc. 30-3].  As discussed above, that offense is not "comparable to or more severe than aggravated sexual abuse"

in violation of § 2241, and thus Defendant was not convicted of an attempt to commit "such an offense." See 34 U.S.C. 20911(8).

In short, the Government has not shown that Defendant's conviction qualifies as an offense that triggered the requirement for him to register under SORNA. Therefore, if Defendant was not "required to register under [SORNA]," he could not have violated 18 U.S.C. § 2250(a) as charged. See 18 U.S.C. § 2250(a)(1); see also [Doc. 1]. Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Indictment for Failure to State an Offense ([Doc. 23]) be **GRANTED**.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Based on an Insufficient Indictment ([Doc. 22]) be **DENIED**  and that Defendant's Motion to Dismiss Indictment for Failure to State an Offense ([Doc. 23]) be **GRANTED**.

**SO REPORTED AND RECOMMENDED**, this   7   day of May, 2021.

_____

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.                                                          CASE NO. 1:20-CR-00464-MHC-LTW

LUCIANO TORCHIA,

    Defendant.

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and N.D. Ga. Cr. R. 59(2)(a). Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties. Pursuant to 28 U.S.C. § 636(b)(1), within fourteen (14) days of the receipt of this Order, each party may file written objections, if any, to the Report and Recommendation. Pursuant to Title 18, United States Code, Section 3161(h)(1)(D), (H), **the above-referenced fourteen (14) days allowed for objections is EXCLUDED from the computation of time under the Speedy Trial Act, whether or not the objections are actually filed.**

If objections to this Report and Recommendation are filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time all time between the filing

of the Report and Recommendation and the submission of the Report and Recommendation, along with any objections, responses and replies thereto, to the District Judge. 18 U.S.C. § 3161(h)(1)(D), (H); Henderson v. United States, 476 U.S. 321, 331 (1986); United States v. Mers, 701 F.2d 1321, 1337 (11th Cir. 1983).

Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this __7__ day of May, 2021.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

2